UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEE KELLY,

      Plaintiff,

vs.

HENRY COCHRAN, JR., ROBIN B.
FLESSNER, JOHN SPRINGER, DAVID
LAUER, individually and in their official
capacities, and ONSTED COMMUNITY
SCHOOLS BOARD OF EDUCATION,
jointly and severally,

      Defendants.
_____/

CASE NO. 04-CV-73943-DT
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 8, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Henry Cochran, Jr.'s Motion to Strike Allegations in Plaintiff's Complaint and Bar Use of Nolo Contendere Plea and Use of Evidence that He Acted in Conformity with other Acts ("Motion to Strike"). Plaintiff has filed a response, to which Defendant Henry Cochran, Jr. ("Cochran") has replied. The Court finds that the facts and legal arguments pertinent to Cochran's Motion to Strike are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Cochran's Motion to Strike be resolved on

the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Cochran's Motion to Strike is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

Cochran was named the varsity basketball coach and a teacher at Onsted High School in July 2002. At that time, Plaintiff had completed her sophomore year at Onsted High School and had begun playing varsity girls basketball for the school. Shortly after Cochran became coach of the varsity team, the Onsted High School varsity girls basketball team, including Plaintiff and Cochran, attended a team basketball camp at Eastern Michigan University. In the summer/fall of 2002, Plaintiff played guard for the varsity girls basketball team. Plaintiff alleges that Cochran engaged in inappropriate conduct toward Plaintiff at the basketball camp and during the fall 2002 basketball season. Plaintiff alleges that such conduct was not wanted or welcome.

In the summer of 2003, pursuant to a plea of nolo contendere, Cochran was found guilty of three charges in connection with another young woman who was a student at Onsted High School and played on the girls varsity basketball team: (1) indecent and obscene conduct; (2) indecent exposure; and (3) enticing a minor under 17 to enter private property without parental consent. Cochran's relationship with this other young woman/student/player apparently commenced after the occurrence of the allegedly inappropriate conduct directed at Plaintiff.

## III. ANALYSIS

In his Motion to Strike, Cochran asks that the Court grant four separate requests, each of which is addressed below.

**A.      Nolo Contendere Plea**

Cochran argues that his nolo contendere plea entered in the summer of 2003 is not admissible at trial pursuant to Fed. R. Evid. 410. Plaintiff agrees. Based on Fed. R. Evid. 410 and the agreement of the parties, the Court holds that Cochran's nolo contendere plea from the summer of 2003 shall not be admissible at any trial in this case.

**B.      Irrelevant Material in Complaint**

Cochran asks the Court to strike allegations in the Plaintiff's Complaint regarding Cochran's alleged relationship with the female student/basketball player subsequent to his alleged misconduct at issue in this case. Cochran relies on Fed. R. Civ. P. 12(f), which provides that a court may strike from any pleading any information that is "redundant, immaterial, impertinent or scandalous." Cochran fails to specify the particular allegations he would like the Court to strike, and Cochran cited no case law which suggests that striking allegations from Plaintiff's Complaint is imperative in this case. For those reasons, and because the allegations in the Complaint are not evidence that will be considered by a jury, the Court is not persuaded that it is necessary to strike any allegations of Plaintiff's Complaint.

**C.      Evidence at Trial**

Cochran argues that Plaintiff should be barred from making any reference to the relationship underlying the nolo contendere plea to the jury. Cochran argues that pursuant to Fed. R. Evid. 404(b), such information should be excluded because (1) it is more prejudicial than probative, (2) such information would serve no purpose other than to prove the "bad" character of Cochran, (3) the underlying conduct related to the nolo contendere plea transpired after the allegedly inappropriate activity occurred in this case, and (4) the underlying conduct related to the nolo

3

contendere plea is not similar to the issues raised by Plaintiff. Cochran cited no cases in support of his argument.

Plaintiff argues that evidence of the subsequent relationship is relevant for purposes such as "proof of motive, opportunity, intent, preparation, scheme, plan . . ." *Knapp v. White*, 296 F.Supp.2d 766 (E.D. Mich. 2003)(Gadola, J.)(a case involving a petition for writ of habeas corpus following conviction for criminal sexual misconduct); *Michigan v. Vandervliet*, 444 Mich. 52 (1993) (a criminal case). Plaintiff suggests that the subsequent relationship between Cochran and the other young woman/student/player is relevant because it establishes a scheme or pattern of how Cochran, as a teacher and coach, ingratiated himself to young women by paying them excessive attention, isolated them and then, when the right time came along with respect to each young woman, made sexual advances toward her and sexually assaulted her. Plaintiff also notes that if the Court has any concern about the evidence being considered for an improper purpose (i.e., that Cochran is a "bad man"), the Court can give an appropriate limiting instruction to the jury to admonish it to consider the evidence on for its proper purpose.

The Court finds that the introduction of the subsequent relationship to a jury would be more prejudicial than probative. First, the alleged behavior of Cochran with the two young women differs in some significant respects. Plaintiff contends that Cochran made inappropriate contact with her at basketball practices, something Plaintiff says Cochran did not do with the other young woman/student/player or any other members of the girls varsity basketball team. In the subsequent relationship, Cochran allegedly provided the young woman/student/player with alcohol and a picture in which Cochran was naked. There is no allegation by Plaintiff that Cochran imposed either of those things on Plaintiff. Second, as Cochran notes, the allegations involving the subsequent relationship are more "interesting" than those involving Plaintiff, for the reasons set forth in the

4

immediately preceding sentence. Third, to the extent this case goes to trial, the evidence presented to the jury at trial will be limited to the actions of Cochran as they pertain to Plaintiff, not Cochran's actions with any woman after the alleged misconduct occurred with respect to Plaintiff. Therefore, the Court concludes that even if any inappropriate conduct of Cochran subsequent to his alleged misconduct related to Plaintiff has some probative value, such probative value will be greatly outweighed by its prejudicial value.

For the reasons stated, the Court holds that evidence of the relationship Cochran had with the other young woman/student/player subsequent to his alleged misconduct directed at Plaintiff is inadmissible in this case.

**D.     Limitation on Discovery**

Cochran also asks the Court to limit the scope of discovery in this case to prevent Plaintiff from inquiring into the alleged relationship that happened subsequent to the incidents involving Plaintiff. Plaintiff argues that discovery should not be limited because the subsequent relationship shows Cochran's "common scheme or plan to sexually abuse young teenage girls under his control" and because the rules of discovery allow broad inquiry into matters which may lead to relevant evidence.

As set forth in Section III.C. above, the Court is not persuaded that the subsequent relationship is indicative of a scheme or plan by Cochran and evidence of Cochran's subsequent relationship with another female student/basketball player will not be admissible at trial. Accordingly, the Court concludes that inquiries into the relationship of Cochran and the female student/teammate of Plaintiff's subsequent to the alleged incidents involving Plaintiff are unnecessary and prohibited for purposes of this case. For the understanding of the parties, however, the Court wishes to make clear that it is not barring any inquiries of Cochran or anyone else

5

(including the female student/teammate of Plaintiff's that was the target of Cochran's actions resulting in the nolo contendere plea in the Summer of 2003) as to any conduct, actions, inactions, statements, etc. bearing on Cochran's relationship or lack thereof with Plaintiff.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Cochran's Motion to Strike is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                  s/Lawrence P. Zatkoff
                  LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

Dated: June 8, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2005.

                  s/Marie E. Verlinde
                  Case Manager
                  (810) 984-3290