UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEE KELLY,                                    CASE NO. 04-CV-73943-DT
                                                   HON. LAWRENCE P. ZATKOFF
      Plaintiff,

vs.

HENRY COCHRAN, JR., ROBIN B.
FLESSNER, JOHN SPRINGER, DAVID
LAUER, individually and in their official
capacities, and ONSTED COMMUNITY
SCHOOLS BOARD OF EDUCATION,
jointly and severally,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on August 2, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's and Defendant Henry Cochran, Jr.'s ("Cochran") Motion to Approve Settlement Agreement (Docket #29). The remaining defendants have filed a response, and the period for filing a reply has expired. The Court finds that the facts and legal arguments pertinent to the Motion to Approve Settlement Agreement are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion to Approve Settlement be resolved on the briefs submitted, without this Court entertaining oral

arguments.  For the reasons that follow, the Motion to Approve Settlement is DENIED.

## II.  BACKGROUND

Cochran was named the varsity basketball coach and a teacher at Onsted High School in July 2002.  At that time, Plaintiff had completed her sophomore year at Onsted High School and had begun playing varsity girls basketball for the school.  Shortly after Cochran became coach of the varsity team, the Onsted High School varsity girls basketball team, including Plaintiff and Cochran, attended a team basketball camp at Eastern Michigan University.  In the summer/fall of 2002, Plaintiff played guard for the varsity girls basketball team.  Plaintiff alleges that Cochran engaged in inappropriate conduct toward Plaintiff at the basketball camp and during the fall 2002 basketball season.  Plaintiff alleges that such conduct was not wanted or welcome.  Plaintiff alleges that the defendants other than Cochran knew or should have known that Cochran had engaged in similar behavior prior to be hired at Onsted High School.

On June 28, 2005, Plaintiff and Cochran filed the instant Motion pursuant to which they request that the Court approve a proposed "settlement" agreement.  The Motion provides that the Court's approval is required in order for the settlement agreement to be binding.  The key terms of such settlement agreement are as follows:

(a) If the case goes to trial, Plaintiff will receive and Cochran will pay no less than $5,000 and no more than $10,000, no matter what the jury decides.

(b) If the Court approves the proposed agreement, Cochran will authorize the release of all of his prior employment records and military records.  If the Court does not approve the proposed agreement, such records will not be released or disclosed by Cochran.

On July 12, 2004, the other defendants filed a response in which they objected to the

proposed settlement agreement and asked the Court to deny the Motion to Approve Settlement Agreement.

### III.  ANALYSIS

In support of their Motion to Approve Settlement, a brief has been filed by Plaintiff which states only that "Plaintiff relies upon the Michigan Court Rule." The Court is unsure which Michigan Court Rule(s) would support the instant Motion if this was a case being tried in state court or, arguably, a case in which state claims were before this Court. The Court is also unsure why the briefs on both sides of this Motion focus on Michigan law and state law claims when the state law claims were remanded almost 10 months ago. As a case in Federal court involving only Federal claims, the Michigan Court Rules and cases interpreting such Rules do not govern the Court's decision in this matter. Accordingly, the Court concludes that Plaintiff and Cochran have not set forth sound legal support for their motion.

The Court also does not find that the agreement of the parties constitutes a settlement. Rather, the parties seem to have an agreement about the damages to be paid by Cochran, regardless of how the case is resolved. Such agreement is not a "settlement" of Plaintiff's claims against Cochran. The Court is also not persuaded by the Motion or brief accompanying the proposed settlement agreement that such an agreement is in good faith, particularly when evaluating the allegations of the Complaint (most of which focus on the alleged actions of Cochran, not the other defendants), the attorney costs to date for all parties (including the other defendants) and the fact that this case will go forward against the remaining defendants, without limitations on liability or damages of those defendants.

For the foregoing reasons, the Court shall not become a party to the proposed "settlement" agreement.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff and Cochran's Motion to Approve Settlement is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2005.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290